## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AMBER SOWLE-FRANTZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-20-325-STE** |
| ) | |
| **ANDREW M. SAUL,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 13-27). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 404.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 3, 2015, the alleged onset date. (TR. 17). At step two, the ALJ determined Ms. Sowle-Frantz had the following severe impairments: back pain with scoliosis; cervical degenerative disc disease with radiculopathy to left upper extremity; seizure disorder; and anxiety disorder. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 17).

At step four, the ALJ concluded that Ms. Sowle-Frantz retained the residual functional capacity (RFC) to:

> [P]erform less than the Full Range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except, the individual can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, or crawl; must avoid all exposure to hazards (machinery, heights, etc.); can understand, remember, and carry out simple and some detailed, but not complex tasks; is limited to a work environment where contact with supervisors, co-workers, and the general public is incidental to work performed; can respond to usual work situations and adapt to a work environment that does not involve frequent changes in daily routines or work duties.

(TR. 19-20).

With this RFC, the ALJ concluded that Plaintiff could not perform her past relevant work. (TR. 24). Thus, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 70-71). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 71-72). At step five, the ALJ adopted the VE's testimony and concluded that Ms. Sowle-Frantz was not disabled based on her ability to perform the identified jobs. (TR. 26).

## III.   ISSUE PRESENTED

On appeal, Plaintiff alleges the ALJ failed to properly weigh an opinion from consultative examiner, Raymond Azadgoli. (ECF No. 18:3-8).

## IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.    NO ERROR IN THE CONSIDERATION OF EVIDENCE FROM DR. AZADGOLI

On May 4, 2017, Dr. Azadgoli performed a consultative physical examination on Ms. Sowle-Frantz. (TR. 373-379). In part, Dr. Azadgoli found that Plaintiff suffered from "limited" range of motion and pain in her lumbar and cervical spines. (TR. 376, 379). The ALJ noted Dr. Azadgoli's examination findings and ultimately stated:

> The undersigned considered and gives some weight to, the opinion of the consultative examiner, Dr. Azadgoli at Exhibit B1F, as it is consistent with the medical evidence of record as a whole; is familiar with the Social Security Regulations for the Listing of Impairments; and he found some limitations.

(TR. 22-23, 24)

Ms. Sowle-Frantz alleges that the ALJ erred in evaluating the opinion from Dr. Azadgoli because the physician identified limitations in Plaintiff's lumbar and cervical spines, which were not reflected in the RFC. (ECF No. 18:3-8). According to Plaintiff:

- "CE Azadgoli's back range of motion findings indicate that Ms. Sowle-Frantz will be physically unable" to perform jobs consistent with the RFC which allow for occasionally stooping, kneeling, crouching, and/or crawling; and

- Dr. Azadgoli's "limited cervical findings," show that Plaintiff "is significantly limited in her ability to rotate her head to the left and the right." (ECF No. 18:7).

(ECF No. 18:6-7). Because these findings allegedly "conflict[] with the ALJ's RFC," Plaintiff argues that the ALJ erred in his evaluation of Dr. Azadgoli's opinion. (ECF No. 18:8). The Court disagrees, noting two problems with Plaintiff's argument.

First, Dr. Azadgoli did not attribute any particular limitations to Plaintiff's lumbar and cervical spine issues which would trigger a particular duty on the part of the ALJ in evaluating the evidence. *See Endriss v. Astrue*, 506 F. App'x 772, 778, 2012 WL 6685446, at *5 (10th Cir. 2012) (stating that "[t]he ALJ was not required to discuss" physician's "notes in her treatment records about the limitations in [the plaintiff's] cervical range of motion" because the notes did not constitute "an opinion that could be evaluated by the ALJ" when the physician "did not opine as to how those limitations would affect [the plaintiff's] ability to function."). Ms. Sowle-Frantz speculates that the limited range of motion and pain conflicted with the RFC, as evidenced by omission of any particular limitations in the RFC related thereto. (ECF No. 18:6-8). But Dr. Azadgoli did not assess any particular limitations attributable to the limited range of motion and pain; obviating the need for inclusion into the RFC. *See Giroux v. Berryhill*, No. CIV-17-139-STE, 2017 WL 5473730, at *3 (W.D. Okla. Nov. 14, 2017) (rejecting allegation that the ALJ failed to account for limitations in the RFC based on physician's opinion because the physician did not articulate any functional limitations).

Second, while Plaintiff's attorney obviously believes that Plaintiff's limited range of motion and pain in her neck and back render her unable to work, the ALJ clearly considered this evidence and concluded otherwise. (TR. 22-23, 24). The Court cannot reweigh the evidence and reach a different conclusion based on counsel's speculation

5

that Plaintiff cannot work. *See Vigil*, 805 F.3d at 1201 (internal quotation marks omitted) (the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency.").

### ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the foregoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on January 27, 2021.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE